UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

WILLIAM ROBERT KUHL, JR.,

                Plaintiff,           1:17-cv-00185-MAT
     -v-                             **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____

## INTRODUCTION

William Robert Kuhl, Jr. ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## PROCEDURAL BACKGROUND

On September 16, 2013, Plaintiff protectively filed for DIB, alleging disability beginning December 20, 2012. Administrative Transcript ("T.") 75. The claim was initially denied on March 25, 2014, and Plaintiff timely requested a hearing. T. 76-83. Prior to

the hearing, Plaintiff amended his request to seek a closed period of disability from December 20, 2012 to April 1, 2014. T. 201-205. On February 10, 2014, a video hearing was conducted in Albany, New York by administrative law judge ("ALJ") Robert Wright. T. 31-59. Plaintiff appeared via video conference with his attorney and testified. An impartial vocational expert ("VE") also testified via telephone.

The ALJ issued an unfavorable decision on March 9, 2016. T. 11-30. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 8-9. The Appeals Council denied Plaintiff's request for review on January 5, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 16.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity for a continuous twelve-month period following the alleged onset date. T.12.

At step two, the ALJ determined that for the closed period from December 20, 2012 to April 1, 2014, Plaintiff suffered from the "severe" impairments of degenerative disc disease of the cervical and lumbar spine, headaches, and osteoarthritis of the right shoulder. T. 17. The ALJ also determined that Plaintiff's medically determinable impairments of history of traumatic brain injury and depressive disorder were non-severe and created no significant work-related mental functional limitations. T. 18.

At step three, the ALJ found that for the closed period from December 20, 2012 to April 1, 2014, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC"), during the closed period from December 20, 2012 to April 1, 2014, to perform light work as defined in 20 C.F.R. 404.1567(b), with the following additional limitations: could occasionally bend, crawl, climb, twist, and perform overhead reaching; and could sit, stand or walk for no more than two hours at a time. *Id.*

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work during the closed period from December 20, 2012 to April 1, 2014. T. 24. At step five, the ALJ relied on the VE's testimony to find that, taking into account

Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed for the closed period from December 20, 2012 to April 1, 2014, including the representative occupations of photo operator, mail clerk, and office helper. T. 25. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of

4

review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted because the ALJ failed to include any non-exertional limitations in the RFC assessment, without adequate justification. For the reasons discussed below, the Court agrees that the ALJ failed to properly consider whether Plaintiff had non-exertional limitations, and therefore finds that remand of this matter for further administrative proceedings is required.

**I. Plaintiff's Headaches and Cognitive Impairments**

On December 20, 2012, Plaintiff suffered a fall while working, lost consciousness, and was transported to Erie County Medical Center. T. 331; 361. Plaintiff received CT scans while in the emergency room and was diagnosed with a head injury and a subdural hematoma. While hospitalized, he complained of a headache and right shoulder pain. *Id.* Plaintiff was discharged from the hospital on December 23, 2012 and directed by his treating physician, Dr. Gregory Bennett, not to drive a car, drink alcohol, or work. T. 362.

On January 2, 2013, Dr. Bennett examined Plaintiff and noted Plaintiff complained of headaches, low back pain, and right

5

shoulder pain. T. 290. On January 24, 2013, Plaintiff was examined by his primary care physician, Dr. Jennifer A. Wisnoski. Dr. Wisnoski noted Plaintiff had been suffering headaches and nausea since his injury, and Plaintiff reported it was difficult for him to sleep on his right side due to his shoulder and head pain. Plaintiff also reported he was lightheaded at times. T. 252. Dr. Wisnoski noted she suspected Plaintiff had postconcussion syndrome and referred Plaintiff to a neurologist for evaluation. T. 254.

Plaintiff's medical records demonstrate ongoing complaints of headaches and trouble sleeping throughout 2013. *See* T. 344, 390, 393. These headaches occurred on a near daily basis. T. 490. The record also shows ongoing complaints of cognitive issues associated with these headaches. On January 9, 2014, Plaintiff was examined by his pain management doctor, Bernard Beaupin, MD, who noted Plaintiff reported his memory was continuing to worsen and that his family had noticed that he appeared to not be processing information well. T. 377. Plaintiff reported to Dr. Beaupin that ACCESS-VR testing indicated his reading level was at a grade level VII, but he felt he had a hard time with comprehension since hitting his head with his fall. Dr. Beaupin requested authorization for neuropsychological testing. *Id.*

On February 6, 2014, Dr. Beaupin noted Plaintiff complained of a significant headache lasting several days located on the right

6

side of his head. T. 371. Due to Plaintiff's increasing headaches, Dr. Beaupin wanted Plaintiff to try a medrol dosepak. T. 373. On April 9, 2014, Dr. Beaupin noted that Plaintiff's neuropsychological testing indicated his intellectual functioning was within the low average range and that there appeared to be no evidence of a severe memory impairment. T. 498.

## II. Failure to Incorporate Non-Exertional Limitations into the RFC Finding

Plaintiff's primary argument is that the ALJ failed to adequately account for the non-exertional limitations associated with Plaintiff's traumatic brain injury in his RFC finding. Specifically, Plaintiff contends that the ALJ erred in failing to meaningfully incorporate his finding that Plaintiff's headaches were a severe limitation into the RFC evaluation. For the reasons discussed below, the Court agrees that the ALJ's consideration of the evidence of record regarding Plaintiff's headaches was inadequate.

When finding an impairment severe at step two of the sequential analysis, the ALJ is, by definition, finding that the impairment significantly limits the claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c). Moreover, when determining a claimant's RFC at step three, the ALJ must consider all of a claimant's impairments, whether severe or not. *See* 20 C.F.R. §§ 404.1520(e) and 404.1545; *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184

7

(July 2, 1996). A claimant's RFC is defined as "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis...." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, at *2). The ALJ's RFC assessment must include a discussion of the claimant's physical and mental abilities, pain, symptomatology, and other limitations impacting the claimant's ability to perform work-related activities for "8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see also* 20 C.F.R. § 404.1545(a). It is well-settled that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, at *7. While the ALJ is not required to discuss every complaint raised by the claimant in the medical record, he must specifically address limitations or conditions for which there is substantial record evidence. *Ellis v. Colvin*, 29 F.Supp.3d 288, 300 (W.D.N.Y. 2014) (internal citation omitted). Furthermore, an RFC finding that fails to incorporate all of a claimant's non-exertional limitations which are evidenced in the record is unsupported by substantial evidence. *See Rosario v. Colvin*, No. 1:14-CV-00191 (MAT), 2016 WL 2342008, at *2-3 (W.D.N.Y. May 4, 2014) (remanding where ALJ failed to incorporate all of plaintiff's non-exertional limitations into the RFC finding).

Here, at step two, the ALJ found that Plaintiff's severe impairments included headaches. T. 17. As such, the ALJ was acknowledging that Plaintiff's headaches impacted his capacity to perform work-related functions. However, when completing the RFC assessment, the ALJ included no meaningful discussion of the impact of Plaintiff's headaches and related cognitive issues or of any limitations associated therewith. Instead, the ALJ simply referenced Plaintiff's headaches in various treatment note summaries and, as discussed further below, inaccurately summarized the medical evidence regarding Plaintiff's headaches. T. 24. The Court finds the ALJ's failure to meaningfully consider the record evidence regarding Plaintiff's headaches was error.

As discussed above, when making an RFC finding, the ALJ must provide a narrative discussion that includes evidence supporting his conclusions, specifically addressing the limitations or conditions for which there is substantial record evidence. *See* SSR 96-8p; *see also Ellis,* 29 F.Supp.3d at 300. In this case, the ALJ failed to fulfill this requirement, instead relying on a factually inaccurate summary of the medical evidence to reach an unsupported conclusion.

In his decision, the ALJ indicated that "[Plaintiff] reported headache pain; however, he does not receive regularly prescribed treatment for intractable headache pain." T. 24. Earlier in his decision, when discussing Plaintiff's various treatment notes, the

9

ALJ also stated that Dr. Beaupin indicated Plaintiff's headaches had improved and intellectual testing demonstrated Plaintiff's intellectual functioning was within the average range, with no evidence of severe memory impairment. T. 21. However, review of the record demonstrates that these statements by the ALJ are factually inaccurate and they therefore fail to provide any substantial evidence for the ALJ's RFC finding.

In regard to the ALJ's assertion that Plaintiff's headaches had improved, there is no indication Plaintiff's headaches had improved by the end of the closed period from December 20, 2012 to April 1, 2014. To the contrary, the treatment note in which Dr. Beaupin indicated Plaintiff's headaches were improving was dated April 9, 2014, after the closed period had ended. T. 500. In February 2014, during the closed period, Plaintiff complained of a significant headache, lasting several days, and Dr. Beaupin noted that Plaintiff was experiencing headaches on a near daily basis. *See* T. 371. Also in February 2014, Plaintiff struggled to find words while communicating with Dr. Beaupin. T. 495.

A March 19, 2014 treatment note from Dr. Bennett indicated Plaintiff continued to report severe intermittent headaches, which, at that point, had been present for approximately fifteen months. T. 485. On April 1, 2014 - the last day of the closed period - Plaintiff was examined at his primary care physician's office and reported that he continued to get sharp intermittent pain in his

right posterior scalp a few times each day and was unsure if the medrol dosepak Dr. Beaupin prescribed had helped. He also reported lightheadedness and problems with concentration and focus. T. 465. The ALJ failed to meaningfully consider this medical evidence in his decision, and did not explain how a treatment note from after the closed period had ended was evidence of improvement during the closed period.

The ALJ also incorrectly stated that Plaintiff received no prescribed treatment for his headaches. Contrary to the ALJ's statement, the record clearly shows Plaintiff was receiving prescribed treatment for his headaches, in the form of baclofen and medrol dosepak. *See T.* 373, 485.

When an ALJ's reasoning is based largely on factual errors, as it was here, it is consequently unsupported by substantial evidence. *See Pratts v. Chater*, 94 F.3d 34, 37-38 (2d Cir. 1996). The ALJ's inaccurate and incomplete discussion of Plaintiff's headaches (and associated cognitive difficulties) failed to comport with the applicable regulations, and the ALJ's subsequent failure to include any non-exertional limitations in his RFC assessment was not supported by substantial evidence. Accordingly, remand of this matter for further administrative proceedings is necessary. On remand, the ALJ shall affirmatively consider the evidence of record regarding Plaintiff's headaches during the closed period at issue, and shall provide a full explanation regarding his conclusion as to

whether that evidences warrants the inclusion of non-exertional limitations in the RFC assessment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: August 28, 2018
Rochester, New York